OPINION OF THE COURT
John V. Aylward, J.
Defendants’ counsel moves pursuant to CPL 210.20 (subd 1, par [e]) to dismiss the indictments upon the ground that prosecution is barred by reason of a previous prosecution pursuant to CPL 40.20. Both defendants were charged with three offenses, namely, criminal impersonation (Penal Law, § 190.25, subd 2), petit larceny (Penal Law, § 155.25), both misdemeanors, and scheme to defraud in the first degree (Penal Law, § 190.65, subd 1), a class E felony.
*1008 Defendant Lasek was 18 years of age and defendant Lunderman was 17 years old when they were arrested on February 4, 1978 between 4:00 and 5:00 a.m. and immediately brought before a Town Justice in the Town of Hounsfield for arraignment. Upon that arraignment, and then without counsel, both defendants pleaded guilty to both misdemeanor charges, that is, criminal impersonation and petit larceny. The Justice was without power to take a plea to the felony charge and they were held for the Grand Jury on scheme to defraud in the first degree.
Thereafter the District Attorney presented the matter to the Grand Jury and each defendant was indicted on the charge of scheme to defraud in the first degree and petit larceny.
The underlying informations filed in Justice Court for each charge are essentially identical on their facts. The defendants were accused of pretending that they represented the junior class of Sackets Harbor High School and were collecting money for the cancer fund. They solicited money from 10 residents of Sackets Harbor and collected a total of $16.50. The money collected was used for their personal purposes.
Each defendant was fined $200, that is, $100 on each misdemeanor, and upon failing to pay the fine were remanded to the county jail.
Defendants’ motion is well taken.
Each of the three charges stems from a single criminal transaction which occurred on January 27, 1978. While it is conceivable that the defendants might have been charged with 10 offenses of criminal impersonation and 10 offenses of petit larceny, there was only one scheme to defraud which was based upon the same underlying acts for all three charges.
CPL 40.20 prohibits a prosecution for two offense based upon either the same act or the same criminal transaction, unless it comes within specifically well-defined exceptions. The facts of this case do not come within the purview of any of the exceptions.
Our Court of Appeals has recently stated that: "no matter the number of statutory offenses technically violated, or the number of jurisdictions involved, an accused is not to suffer repeated prosecution for the same general conduct.” (People v Abbamonte, 43 NY2d 74, 81-82; see, also, Matter of Abarham v Justices, 37 NY2d 560.)
The offenses of scheme to defraud in the second degree, a *1009 misdemeanor, and scheme to defraud in the first degree, a class E felony (Penal Law, §§ 190.60, 190.65) were recently adopted by the New York State Legislature and became effective on January 1, 1977. This court has analyzed both sections of scheme to defraud and also the effect which guilty pleas to criminal impersonation and petit larceny may have upon such schemes. Criminal impersonation, petit larceny and scheme to defraud in the second degree are all class A misdemeanors and technically cannot be considered to be lesser included offenses of each other. Nevertheless, criminal impersonation, that is subdivision 2 of section 190.25 of the Penal Law as well as a larceny, is a necessary element of scheme to defraud in the second degree or in the first degree. It seems to this court that when the defendants pleaded guilty to both criminal impersonation and petit larceny arising out of this particular transaction, that they in effect were pleading guilty to the equivalent of scheme to defraud in the second degree, which is a lesser included offense of scheme to defraud in the first degree.
CPL 40.30 (subd 2, par [b]) provides in effect that a plea to a lesser included offense bars a plea to the greater offense when it is not induced and brought about by the defendant in the absence of and without the knowledge of a District Attorney. In this case the defendants did not induce the prosecution. They were brought directly to the Justice, arraigned, presumably advised of their rights and immediately pleaded guilty to both misdemeanor charges, albeit, in the absence of the District Attorney and without his knowledge. The defendants were in custody at the time of their arraignment and had no choice about being in Justice Court.
The Supreme Court of the United States has held: "Whatever the sequence may be, the Fifth Amendment forbids successive prosecution * * * for a greater and lesser included offense.” (Brown v Ohio, 432 US 161, 169.)
These defendants have pleaded guilty to acts constituting a lesser included offense of scheme to defraud in the first degree.
The District Attorney had conceded that the second count of the indictment, namely, petit larceny, should be dismissed because it would have been a prosecution for the same offense to which the defendants have pleaded guilty.
Defendants’ motion is granted and the indictments are dismissed.