OPINION OF THE COURT
Herman Cahn, J.
Defendant Ronald Jones (Jones) was convicted by a jury after a lengthy trial of the crimes of scheme to defraud in the first degree (Penal Law, § 190.65), conspiracy in the fifth degree (Penal Law, § 105.05), and violations of sections 352-c and 359-e of the General Business Law. He now moves pursuant to CPL 330.30 (subd 1) to have the court set aside his conviction of the first count (the only felony count), on numerous grounds.
*648 FACTUAL BACKGROUND
Defendant and 30 others were indicted for the crimes set forth above. All of the indictments arose out of the operation of a “boiler room” by Mineral Resources Corporation, one of the 31 defendants. Mineral Resources Corporation was Jones’ employer.
Briefly stated, defendant and his codefendants were accused of selling tantalum, a metal, by the use of fraudulent and untrue representations. Prospective customers were first contacted by telephone, and then promotional material was mailed to them. It was claimed by the prosecution that the promotional material contained numerous misrepresentations of fact, as well as numerous omissions of material fact so that what was stated was, in effect, fraudulent misrepresentation.
After the written material was received by the prospective customer, he or she would be subjected to additional , telephone calls in an effort to promote a sale of tantalum. The salesmen, of which Jones was one, were instructed to, and did, read from scripts furnished by Mineral Resources when talking to prospective customers on the telephone. The scripts themselves contained misrepresentations of fact.
Mineral Resources was organized to facilitate sales to the public. Salesmen were organized in teams, with each team having a supervisor or team leader. Jones was a salesman and not a team leader.
Many of the defendants pleaded guilty prior to or during trial. Eighteen of them were tried in a trial which lasted approximately five and one-half months. Sixteen of the 18 (including Jones) were convicted on all counts. The above factual description is a brief one but contains all the facts relevant to the decision on Jones’ motion. In subsequent decisions on motions made by other defendants, the court will discuss specific points raised by the other defendants, which, however, are not relevant to the issues considered herein.
THE LAW
Section 190.65 of the Penal Law requires the People to prove several elements in order to obtain a conviction. *649 Subdivision 2 specifically requires that the People prove “the identity of at least one person from whom the defendant so obtained property”. It is noted that section 190.60 of the Penal Law, scheme to defraud in the second degree, contains the identical requirement. This subdivision requires that the identity of a specific victim from whom property was obtained by the defendant be proven. Merely proving that a defendant attempted to obtain property from one or more people is not sufficient.
These sections of the Penal Law are relatively new to the New York statutes. They are derived from the Federal mail fraud statute (US Code, tit 18, § 1341). However, said statute does not contain the requirement that the identity of at least one victim be proven. The few cases that have interpreted these statutes have not focused on the identity requirement or commented on it. (People v Ford, 88 AD2d 859; People v Lennon, 107 Misc 2d 329; People v Block & Kleaver, 103 Misc 2d 758; People v Lasek, 94 Misc 2d 1007.)
DISCUSSION
As to many defendants in this case, the People proved the identity of the victim by direct evidence. That is, a witness- testified to having been contacted by one or another defendant and to having been deprived of property by sending money to Mineral Resources, after speaking to a particular defendant. In several instances, the People proved the identity of the victim by documentary evidence, showing for this purpose the records kept by Mineral Resources itself, which indicated the moneys received from various members of the public, as well as the particular defendant who made the sale to that member of the public.
As to Jones, no such evidence was adduced. The only witness who testified as to Jones was someone who did not send any money to Mineral Resources, and in fact stated that he never intended to buy tantalum, but was merely speaking in Mineral Resources personnel to see what their “line” was. The court will not comment on his veracity or lack thereof herein, since the jury apparently accepted his testimony. Other than this one witness, no witness was produced who testified to having been solicited by Jones. No one claimed to have lost money on account of Jones’ representations, misrepresentations, actions, etc.
*650 The documentary evidence produced by the People consisted of almost all the documents maintained by Mineral Resources over a period of five months. Thousands of documents were introduced into evidence, as well as schedules summarizing and organizing said documents. None of them indicated that Jones had caused any specific person to lose money or to send money to Mineral Resources.
ACTING IN CONCERT
One theory of the People’s case was that Jones acted in concert together with the other defendants. Acting in concert in the commission of a crime makes one guilty of that very crime. (Penal Law, § 20.00.) In order to meet their burden of identifying one specific victim under subdivision 2 of section 190.65 of the Penal Law, the People must, at the very least, show that Jones’ actions in some way aided another person in obtaining money from the named specific victim. Thus, if Jones were shown to have mailed documents to a specific person, and another defendant spoke to the specific person and “closed the sale,” and obtained money, there would be enough to show that Jones acted in concert and the requirements of subdivision 2 of section 190.65 would be satisfied. Another example of satisfying the requirements of that section would be if a supervisor, who taught, supervised and assisted salesmen in their actions, was charged with acting in concert with said salesmen, the supervisor could be found guilty, based on the salemen’s sales. One salesman cannot, however, be held liable for the sales of a supervisor or another salesman, unless he has been shown to aid in the making, of that sale.
Proof that Jones was working in a boiler room where other defendants committed crimes, is not in and of itself sufficient. The People must prove some, albeit minimal, direct participation by Jones in a specific sale. Here there has not been one scintilla of such proof offered.
In view of the total failure of such proof, the People have not proven all of the elements necessary for a conviction under section 190.65 of the Penal Law.
When charging the jury, the court 'also charged section 190.60 (scheme to defraud in the second degree) as a lesser *651 included crime. However, the same requirement of identification is included in that section, and therefore a conviction under that section could not survive.
Jones’ motion to set aside his conviction on the first count of the indictment and to dismiss said count is granted, in accord with CPL 330.30 (subd 1). This section authorizes the court, after verdict and prior to sentence, to set aside or modify a jury verdict upon “1. Any ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court.”
The court’s power to set aside a jury verdict is limited (People v Collins, 72 AD2d 431), as courts are not, nor should they be anxious to invade the jury’s domain. Where as here, however, the defendant has met his burden of establishing grounds on which the conviction, if appealed from, would have to be reversed as a matter of law (People v Zipfel, 51 AD2d 979), the trial court has the duty to intervene and set aside an unjust result. (See People v White, NYLJ, Nov. 16, 1981, p 18, col 3.)
Accordingly, the motion to set aside the conviction and dismiss as to the first count of the indictment is granted. As the court has granted the motion on this ground and in effect granted all the relief requested, it has not considered the other grounds raised in the moving papers.