■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD JONES, PATRICK CARRABIS, MARK JACKEL and WENDELL WEEKS, Respondents. — Orders, Supreme Court, New York County (Herman Cahn, J.), entered February 3, 1983, granting the motion to set aside the jury verdict, convicting each defendant of the crime of scheme to defraud in the first degree (Penal Law, § 190.65) under the first count of the indictment, unanimously reversed, on the law, the guilty verdict reinstated against each defendant on count one of the indictment and the cases remanded to the Supreme Court for sentencing.

The first count of the indictment charged defendants with acting in concert with each other to commit the crime of scheme to defraud in the first degree (Penal Law, § 190.65). Defendants, employed as salesmen for Mineral Resources Corporation, were participants in a scheme to induce members of the public to purchase at inflated prices quantities of the metal tantalum. Defendants had manned telephones at a "boiler room" operation, by which prospective customers were induced to make purchases through fraudulent representations made by a series of telephone communications, supplemented by the mailing of promotional material. The salesmen were furnished with prepared scripts containing misrepresentations of fact, which were to be used when talking to prospective customers. The script and sequence of the calls patently demonstrated the fraudulent nature of the scheme, by which an aggregate of 48,000 long-distance calls were made, with solicitations obtained from 148 investors, totaling $1.3 million.

Defendants were convicted by a jury after a 5½-month trial of the crimes of scheme to defraud in the first degree (Penal Law, § 190.65), conspiracy in the fifth degree (Penal Law, § 105.05) and violations of sections 352-c and 359-e of the General Business Law. The trial court granted the motions pursuant to CPL 330.30 (subd 1), setting aside the verdict on the first count, holding that the proof at trial was insufficient to convict defendants as accessories under section 20.00 of the Penal Law since there was no evidence that they had completed sales to particular customers (117 Misc 2d 647). The court observed (p 649) that to support a conviction for scheme to defraud in the first degree under section 190.65 of the Penal Law, it was necessary to establish " 'the identity of at least one person from whom the defendant so obtained property' " and held dispositive the absence of proof that any prospective customer solicited by these defendants actually lost money as a result of the fraudulent misrepresentations.

Subdivision 1 of section 190.65 of the Penal Law provides as follows: "A person is guilty of a scheme to defraud in the first

degree when he (a) engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud ten or more persons or to obtain property from ten or more persons by false or fraudulent pretenses, representations or promises, and (b) so obtains property from one or more such persons."

Subdivision 2 of section 190.65 of the Penal Law directs that in any prosecution, "it shall be necessary to prove the identity of at least one person from whom the defendant so obtained property". However, these defendants were charged as accessories under section 20.00 of the Penal Law, which imposes criminal liability "when, acting with the mental culpability required for the commission [of an offense], he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct [which constitutes an offense]." In requiring proof to establish the identity of a specific victim, the trial court erroneously imposed upon the People the burden of proving all of the elements of the crime of scheme to defraud in the first degree in a situation where the proof clearly showed that defendants had aided and abetted in the commission of the scheme by participating in it with the criminal intent necessary to commit the crime. Here, each of the defendants was an integral part of the over-all operation and took part in the scheme for weeks prior to his arrest. Proof that they themselves received money from defrauded investors was unnecessary to sustain their conviction as accessories. To hold otherwise would require proof of every element of a crime to be committed by each of those charged with the crime and would thereby nullify the concept of accessorial liability as set forth in section 20.00 of the Penal Law. Concur — Murphy, P. J., Sandler, Carro, Silverman and Kassal, JJ.