■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE RUSSEL, Also Known as TYRONE RUSSELL, Appellant.— Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered December 17, 1985, convicting defendant, after a jury trial, of robbery in the second degree and grand larceny in the third degree and sentencing him, as a prior felony offender, to concurrent indeterminate terms of imprisonment of 5 to 10 years for the robbery and 2 to 4 years for the larceny, unanimously affirmed.

At approximately 5:15 A.M. on June 21, 1985, three police officers observed defendant and three male companions run diagonally across 42nd Street in Manhattan, crouch down, and approach a woman who was walking east on 42nd Street from the rear. One of the men, Jack Darden, grabbed the woman's purse while the other three, including defendant, surrounded her. After a struggle, Darden wrested the bag from the woman's possession, whereupon all four fled into Bryant Park with the police in hot pursuit. Within minutes, all four were apprehended and the bag was recovered. The evidence was sufficient to demonstrate defendant's intent to act in concert with Darden and the others in the theft of the handbag *(People v Jackson,* 44 NY2d 935; *People v Jones,* 104 AD2d 330).

Although the sentences on the robbery and grand larceny counts were to be served concurrently, defendant maintains that his conviction of grand larceny in the third degree should have been dismissed on the ground that it was a lesser inclusory count of the robbery. CPL 300.40 (3) (b) provides: "With respect to inclusory concurrent counts * * * [a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted". Concurrent counts are inclusory when lesser offenses are included within the greater (CPL 300.30 [4]). "Lesser included offense" is defined by CPL 1.20 (37) as follows: "When it is impossible to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense.' "

The test which is to be applied in these matters is whether it is "theoretically impossible to commit the greater crime without at the same time, by the same conduct, committing the lesser". *(People v Ford,* 62 NY2d 275, 281.) We conclude that it is theoretically possible to commit robbery in the second degree under Penal Law § 160.10 without committing grand larceny in the third degree (now fourth degree) under Penal Law § 155.30 (5). Accordingly, the judgment of conviction should be affirmed. Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.