■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN S. KORSEN, Also Known as JON SCOTT, Appellant.— Judgment of the Supreme Court, New York County (Herman Cahn, J.), rendered February 3, 1983, convicting defendant, after a jury trial, of scheme to defraud in the first degree, conspiracy in the fifth degree, using fraud in the sale of securities, and acting as an unregistered securities salesperson, and sentencing him to an aggregate term of nine months and restitution of $1,000, unanimously affirmed.

Defendant and several coconspirators were convicted for their participation in a scheme whereby they solicited sales, on behalf of the Mineral Resources Corporation, of the metal tantalum. *(People v Bein,* 129 AD2d 1013; *People v Salvage,* 112 AD2d 59; *People v Jones,* 104 AD2d 330; *People v Baum,* 123 AD2d 526.) As we have noted in *People v Jones (supra),*

Mineral Resources Corporation was engaged in a "boiler room" operation, where customers were induced to make purchases through fraudulent representations made over the telephone, supplemented by the mailing of promotional material which also contained misrepresentations as to the current and projected markets for tantalum, as well as incorrect statements as to the source countries from which the United States made purchases.

Defendant and other salespersons were provided with the pad scripts which they were instructed to read to the prospective customers during the initial contact calls. Defendant argues that there is no evidence that he was aware of the substance of these misrepresentations, and that he was only following the script. However, during the first call to customer Bernard Shields, and during follow-up calls, defendant expanded beyond the script and made his own misrepresentations as to the business background of the company, a minimum weight of tantalum which the company would sell, and the nature of his commission. More significantly, defendant knew that supplies of tantalum were on hand for the company's disposal, yet defendant intentionally misrepresented that because of scarcity, Shields could purchase only by allotment number. Defendant then exercised his own discretion in determining when to call back Shields to inform him that his allotment had been delivered and that he should make his purchase quickly. Shields eventually made a purchase from defendant. Defendant here argues that the evidence is legally insufficient with respect to the fraud and conspiracy counts for failure to establish intent and scienter. This argument similarly is unavailing regardless of whether defendant's knowledge encompassed all aspects of the scheme, because his own misrepresentations, and intent to benefit thereby, tied him into the conspiracy and the scheme to defraud. Furthermore, defendant has failed to establish that the verdict was against the weight of the evidence.

With respect to the prosecutor's comments on summation which challenged defendant's veracity, we note that the nature of this prosecution, for fraud, necessarily relates to defendant's veracity, and that the prosecutor necessarily had to demonstrate that defendant was lying when he solicited business from prospective customers. Concur—Murphy, P. J., Ross, Ellerin and Rubin, JJ.