(December 8, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY BROWN, Appellant. [933 NYS2d 911]—

Mercure, A.P.J.

While an inmate at Gouverneur Correctional Facility in St. Lawrence County, defendant was convicted after a jury trial of one count of promoting prison contraband in the first degree and sentenced, as a second felony offender, to 2¹/₃ to 4²/₃ years in prison. On this appeal, he first contends that the verdict is not supported by legally sufficient evidence and is against the weight of the evidence.* We disagree.

Through the testimony of Correction Officer Joseph Coffee

---

\* Defendant's challenges to the sufficiency of the evidence are largely unpreserved. Nonetheless, defendant's challenge to the weight of the evidence necessarily requires this Court to evaluate whether sufficient evidence was

and Sergeant Paul Shepardson, the People demonstrated that, after proceeding toward the facility's recreation yard where inmates were being frisked, defendant turned back and walked away from the yard. Shepardson had instructed Coffee to frisk any inmates who turned around prior to reaching the yard. When Coffee frisked defendant, he discovered a metal rod that was sharpened on one end, with a piece of cloth wrapped around the other end. At trial, an item matching that description was admitted into evidence and identified by both witnesses as the weapon retrieved from defendant. Although the defense highlighted some inaccuracies in the chain of custody and description of the contraband that could have justified a different verdict, upon weighing the evidence in a neutral manner we find that the conviction is supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

With respect to defendant's claim that the People failed to prove that St. Lawrence County was the proper venue for trial, we note that defendant waived this issue by failing to request a jury charge on venue (*see People v Greenberg*, 89 NY2d 553, 556 [1997]; *People v Moore*, 46 NY2d 1, 7 [1978]). In any event, the People submitted evidence establishing the location of the crime (*see People v Lee*, 303 AD2d 839, 841-842 [2003], *lv denied* 100 NY2d 622 [2003]).

Finally, we find no merit to defendant's claim that he was denied the effective assistance of counsel. The record demonstrates that counsel sought to suppress the evidence, raised pertinent objections, vigorously cross-examined witnesses regarding discrepancies in the evidence in pursuit of a legitimate, albeit unsuccessful, strategy during the suppression hearing and at trial, and made cogent opening and closing arguments. Viewing the record as a whole, we find that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

Defendant's remaining arguments, to the extent not addressed herein, have been considered and found to lack merit.

Spain, Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

presented as to each element of the crime (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Nisselbeck*, 85 AD3d 1206, 1207 n 1 [2011]).