■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANA PAULA MONTEIRO, Appellant. [939 NYS2d 629]—

Mercure, A.P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 13, 2010, upon a verdict convicting defendant of the crimes of falsifying business records in the first degree (nine counts), criminal possession of a forged instrument in the second degree (three counts), scheme to defraud in the first degree, failure to file an income tax return (two counts) and filing a false and fraudulent tax return (two counts).

Following an investigation, codefendant Aaron Dare and defendant, his fiancée, were charged in a 59-count indictment with offenses stemming from their involvement in a mortgage fraud scheme. Dare, who operated various business entities that prepared loan applications for individuals interested in purchasing real property and subsequently handled the closings, was indisputably the mastermind of the scheme. Defendant,

however, worked as a loan officer for those businesses and was charged as an accessory (*see* Penal Law § 20.00). With Dare's control over the process, numerous opportunities existed to alter paperwork and misdirect funds, and two primary methods were employed to do so. The first involved a "show check" drawn by the buyer using funds provided to that buyer by one of defendant's real estate companies. The show check would be used to demonstrate to lenders that the buyer had the purported wherewithal to make a down payment and, thereafter, the buyer would return the funds to Dare. The second method was to submit inaccurate documents to the lender that inflated the purchase price of the property and, in turn, justified a higher loan amount. In either case, a portion of the loan proceeds were then funneled into defendant's personal accounts to fund her and Dare's lavish lifestyle.

Dare pleaded guilty to various counts in satisfaction of the indictment and is currently serving a lengthy prison sentence, imposed as a result of this matter and other federal and state convictions arising out of his fraudulent conduct. Following a jury trial, defendant was convicted of nine counts of falsifying business records in the first degree, three counts of criminal possession of a forged instrument in the second degree, one count of scheme to defraud in the first degree, and two counts each of failure to file an income tax return and filing a false and fraudulent tax return. County Court sentenced defendant to an aggregate prison term of 6 to 20 years, and she now appeals.

We affirm. Defendant concedes that the People demonstrated that Dare had committed the alleged mortgage fraud, but argues that the evidence is legally insufficient to sustain her convictions and that the weight of the evidence does not support the jury's finding that she aided Dare in committing those offenses with the "intent to defraud" anyone (Penal Law §§ 170.25, 175.10, 190.65 [1]; *see* § 20.00).* Fraudulent intent, however, "is usually not susceptible of proof by direct evidence and must ordinarily be inferred from circumstantial evidence such as the defendant's knowledge of the misleading or deceptive nature of the particular business practices employed" (*People v Sala*, 258 AD2d 182, 188-189 [1999], *affd* 95 NY2d 254 [2000]; *see People v DeDeo*, 59 AD3d 846, 850-851 [2009], *lv denied* 12 NY3d 782 [2009]).

---

* Defendant additionally challenges the legal sufficiency of the evidence with respect to the tax charges. Although she concedes that this challenge is unpreserved, we nevertheless consider the sufficiency of the proof in conducting our weight of the evidence review (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Brown*, 90 AD3d 1140, 1140 n [2011]).

Defendant was aware that Dare was under investigation—and was ultimately convicted—for his role in fraudulent real estate transactions, including those that involved show checks and the misrepresentation of buyer incomes and property values. Widespread fraud continued to infect Dare's real estate transactions during the period that defendant worked with him, and he testified that the fraud was easy to see for anyone familiar with the real estate industry. While defendant downplayed her real estate experience, she had worked for several mortgage companies, and there was testimony that she handled the paperwork in processing the loans. Moreover, she worked very closely with Dare, opened bank accounts at his behest and, despite knowing that he continued to use show checks, allowed him to deposit monies derived from the transactions into those accounts and benefitted from them. The jury could readily infer from this evidence and the documentation of her involvement with specified transactions "that defendant[ ] had aided and abetted in the commission of the [mortgage] scheme by participating in it with the criminal intent necessary to commit the crime[s]" (*People v Jones*, 104 AD2d 330, 331 [1984]; *see People v Korsen*, 167 AD2d 180, 181 [1990], *lv denied* 77 NY2d 962 [1991]; *People v Ford*, 88 AD2d 859, 862 [1982]). Furthermore, in light of the foregoing, her convictions for scheme to defraud, falsifying business records and criminal possession of a forged instrument are supported by the weight of the evidence.

Finally, given the scope of defendant's fraudulent conduct and the serious impact wrought upon the victims, we cannot say that the sentence imposed was harsh or excessive (*see People v DeDeo*, 59 AD3d at 851). Defendant's remaining arguments have been examined and found to be without merit.

Spain, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.