Garry, J.
Appeal, by permission, from an order of the Supreme Court (Breslin, J.), entered May 1, 2014 in Albany County, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment convicting her of the crimes of falsifying business records in the first degree (nine counts), criminal possession of a forged instrument in the second degree (three counts), scheme to defraud in the first degree, failure to file an income tax return (two counts) and filing a false and fraudulent tax return (two counts), without a hearing.
Following a jury trial, defendant was convicted of multiple crimes in connection with a mortgage fraud scheme that she participated in with a codefendant, the details of which are set forth in our decision affirming her criminal conviction (93 AD3d 898 [2012], lv denied 19 NY3d 964 [2012]). She was sentenced to a lengthy period of imprisonment having an aggregate term of 6 to 20 years (id. at 899) and ordered to pay restitution in the amount of $1,741,609.98. Thereafter, as pertinent here, she moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that her trial counsel was ineffective. Supreme Court denied the motion without a hearing. By permission of this Court, defendant now appeals.
In support of her motion, defendant contended that her counsel was ineffective for failing to advise her of a favorable *1156 plea offer, mount a defense against the tax charges, accurately ascertain her immigration status, or request a restitution hearing. Although a hearing on a CPL 440.10 motion is not always necessary, a hearing is required where the defendant bases the motion upon nonrecord facts that are material and, if established, would entitle the defendant to relief (see CPL 440.30 [5]; People v Satterfield, 66 NY2d 796, 799 [1985]; People v Stahl, 141 AD3d 962, 966 [2016], lv denied 28 NY3d 1127 [2016]). Here, defendant’s claim concerning counsel’s deficiencies with respect to her immigration status is based upon information that is outside the record in the criminal action. In her sworn affidavit, defendant stated that she spoke to her counsel about her potential deportation, as she was born in Portugal, but had never applied for United States citizenship. According to defendant, counsel advised that she would look into the matter, and represented to defendant that she had negotiated a guilty plea in another case that did not include deportation. However, defendant alleges that counsel failed to address the matter again until following her conviction, at which point counsel advised that she faced deportation. Defendant’s sister also provided a sworn affidavit stating that counsel told her that a guilty plea would put defendant in jeopardy of deportation. The sister asserts that counsel’s associate communicated with an immigration attorney, but that these communications occurred only after defendant’s sentencing. Ultimately, defendant was not, in fact, subject to deportation.
Defendant maintains that, had counsel properly determined her immigration status during the course of her representation, she would likely have entered a guilty plea. She would have thus been exposed to less prison time than she received after trial, much like that of her codefendant. We note that miscommunications in matters such as this have provided a basis for finding that a defendant was denied the effective assistance of counsel (see e.g. People v Ricketts-Simpson, 130 AD3d 1149, 1151 [2015]). As defendant has put forth material facts which, if established, may entitle her to relief, she should have been afforded a hearing on her CPL 440.10 motion as to this issue (see People v Hampton, 64 AD3d 872, 876-877 [2009], lv denied 13 NY3d 796 [2009]; see also People v Mosley, 121 AD3d 1169, 1173-1174 [2014], lv denied 24 NY3d 1086 [2014]). We decline to address the other grounds for defendant’s CPL 440.10 motion, as they concern matters that were part of the record in the criminal action, and could have been raised on direct appeal (see People v Oddy, 144 AD3d 1322, 1324 [2016]; People v Dickson-Eason, 143 AD3d 1013, 1015 [2016], lv denied 28 NY3d 1123 [2016]).
*1157 Peters, P.J., McCarthy, Rose and Aarons, JJ., concur.
Ordered that the order is reversed, on the law, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.