■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME McKENZIE, Appellant. [633 NYS2d 652] —Mikoll, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered November 7, 1994, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

On October 5, 1994, two accusatory instruments were filed against defendant; one charging him with criminal sale of a controlled substance in the third degree and the other charging him with criminal possession of a weapon in the third degree. After waiving indictment, defendant entered a plea of guilty to a single charge of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31) contained in a superior court information. On appeal, defendant contends that the superior court information was jurisdictionally defective because the waiver of indictment (*see,* CPL 195.20) states that defendant will be charged with criminal *possession* of a

controlled substance in the fifth degree instead of criminal *sale* of a controlled substance in the fifth degree.

Our review of the record supports the People's position that this variation was solely due to a typographical error in the waiver of indictment and defendant was on notice of the true crime to be charged (*cf., People v Ray*, 71 NY2d 849, 850). Significantly, the waiver of indictment specifically refers to Penal Law § 220.31, the correct numeric citation for criminal sale of a controlled substance in the fifth degree. Thus, both the waiver of indictment and superior court information both correctly allege a violation of Penal Law § 220.31. Notably, although the wrong statutory provision was mentioned early in the arraignment proceedings before County Court, defendant was thereafter specifically told by the court that he was being charged with criminal sale of a controlled substance in the fifth degree. Moreover, although his attorney asked that the superior court information be amended to reflect the correct date, no mention was made of any error in the actual crime charged. Accordingly, we conclude that any error made was purely ministerial and nonprejudicial to defendant.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.