■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN SQUIRE, Appellant. [711 NYS2d 790] —Cardona, P. J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered April 9, 1999, convicting defendant upon his plea of guilty of two counts of the crime of criminal sale of a controlled substance in the third degree.

In satisfaction of a four-count indictment, and with no promise regarding sentence, defendant entered a plea of guilty to two counts of that indictment charging criminal sale of a controlled substance in the third degree. He was thereafter sentenced as a second felony offender to concurrent terms of imprisonment of 5 to 10 years. On this appeal, defendant contends that the indictment was insufficient and the sentence harsh and excessive.

Insofar as defendant's argument regarding the sufficiency of the allegations of the indictment raises a jurisdictional claim, the indictment's incorporation by reference to provisions of the

Penal Law allegedly violated operates, without more, to sufficiently set forth all the elements of the crimes charged (*see, People v Ray*, 71 NY2d 849, 850; *People v Cohen*, 52 NY2d 584, 586). Thus, the indictment provided fair notice of the charges to defendant (*see, People v Ray, supra,* at 850). We further note that any claim regarding the factual sufficiency of the jurisdictionally sufficient accusatory instrument was waived by defendant's guilty plea (*see, People v Cohen, supra,* at 587; *People v George*, 261 AD2d 711, 713, *lv denied* 93 NY2d 1018).

With regard to the sentence, which was well within the permissible statutory range, the record discloses neither an abuse of discretion by County Court nor extraordinary circumstances warranting modification. Therefore, it will not be disturbed (*see, People v Brown*, 249 AD2d 835, 838; *People v Tracey*, 221 AD2d 738, *lv denied* 88 NY2d 943).

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.