■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. CHAMPION, Appellant. [798 NYS2d 567]—

Cardona, P.J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered November 4, 2002, convicting defendant upon his plea of guilty of the crimes of assault in the second degree and driving while intoxicated.

After leading police on a high-speed chase through Chemung County resulting in various injuries to other motorists, defendant was charged in a 15-count indictment with a litany of crimes, including assault in the first degree and driving while intoxicated. Defendant thereafter pleaded guilty to the crimes of assault in the second degree and driving while intoxicated in full satisfaction of the indictment, and was later sentenced to an agreed-upon aggregate prison term of six years. Defendant appeals from the judgment of conviction.

We first address defendant's contentions concerning the plea itself. As a threshold matter, we note that, insofar as defendant

has not moved before County Court to either withdraw his guilty plea or vacate the judgment of conviction, defendant has failed to preserve his claims that his plea was involuntarily made or affected by the assistance he received from his counsel (*see People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]; *People v Fulford*, 296 AD2d 661, 662 [2002]; *People v Millis*, 266 AD2d 581, 581 [1999], *lv denied* 94 NY2d 826 [1999]). In any event, defendant's claims are unavailing. County Court engaged in a thorough colloquy with defendant in which he was informed of the rights he would be relinquishing by pleading guilty and defendant's allocution conclusively established his commission of the crimes in question. Defendant also indicated his understanding of the proceedings and unequivocally stated that he was pleading guilty of his own volition (*see People v Kearney*, 14 AD3d 938, 938-939 [2005], *lv denied* 4 NY3d 854 [2005]; *People v Schwing*, 13 AD3d 725, 725 [2004]; *People v Allen*, 301 AD2d 874, 875 [2003], *lv denied* 99 NY2d 652 [2003]). Moreover, defendant repeatedly expressed his satisfaction with the services provided by his counsel and, given that counsel secured a favorable plea agreement which significantly reduced defendant's sentencing exposure (*see People v Washington, supra* at 743; *People v Crippa*, 245 AD2d 811, 812 [1997], *lv denied* 92 NY2d 850 [1998]), it cannot be said that counsel's representation was in any way less than meaningful (*see generally People v Ford*, 86 NY2d 397, 404 [1995]). Finally, in reference to any inconsistency as to the parties' understanding of the sentence to be imposed upon defendant's driving while intoxicated conviction, we note that, under the terms of the plea agreement, it was universally understood that the driving while intoxicated sentence would be subsumed into the greater concurrent sentence imposed on defendant's second degree assault conviction. Under these circumstances, we cannot conclude that such an inconsistency constitutes a material ambiguity which affects the validity of defendant's plea (*cf. People v James*, 251 AD2d 813, 815 [1998]; *People v Leggett*, 163 AD2d 862, 863 [1990]).

Having thus concluded that defendant's plea of guilty was in all respects voluntary, knowing and intelligent, we likewise conclude that his claims concerning the sufficiency of the indictment are forfeited by operation of the plea itself. While a claim that the indictment was jurisdictionally defective survives the entry of a guilty plea (*see People v George*, 261 AD2d 711, 713 [1999], *lv denied* 93 NY2d 1018 [1999]; *People v Diaz*, 233 AD2d 777, 777 [1996]), " '[a]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime' " (*People v Ray*, 71 NY2d 849,

850 [1988], quoting *People v Iannone*, 45 NY2d 589, 600 [1978]). To that end, where an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise the defendant of the charge and, therefore, renders the count jurisdictionally valid (*see People v D'Angelo*, 98 NY2d 733, 734-735 [2002]; *People v Ray, supra* at 850; *People v Cohen*, 52 NY2d 584, 586 [1981]; *People v Squire*, 273 AD2d 706, 706-707 [2000]; *see also People v Marshall*, 299 AD2d 809, 810 [2002]).

In the instant case, the indictment count charging defendant with assault in the second degree explicitly made reference to Penal Law § 120.05 (4) and defendant ultimately admitted to committing acts which constituted a violation of that provision. Although the factual recitation which followed this Penal Law reference mirrored the language of another subdivision of the statute (*see* Penal Law § 120.05 [6]), we do not find this error to be controlling. Well before a plea was contemplated, the People acknowledged what they characterized as a clerical error and moved to amend the indictment to substitute language in conformity with Penal Law § 120.05 (4). In response, County Court reviewed the grand jury minutes and concluded that the People's proposed revision of the count did not "change the theory or theories of the prosecution as reflected in the evidence before the grand jury" (CPL 200.70 [1]; *cf. People v McKenzie*, 221 AD2d 743, 744 [1995]). Accordingly, the indictment was jurisdictionally sufficient and defendant's further claim concerning the sufficiency of the count's factual allegations was forfeited by defendant's guilty plea (*see People v Beattie*, 80 NY2d 840, 842 [1992]; *People v Cohen, supra* at 587; *People v Iannone, supra* at 600-601; *People v Squire, supra* at 707).

Finally, we have reviewed defendant's claim concerning the severity of his bargained-for sentence and find it unpersuasive (*see People v Urbina*, 1 AD3d 717, 718 [2003], *lv denied* 1 NY3d 602 [2004]; *People v Schultz*, 273 AD2d 508 [2000]).

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed.