■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD GRIFFIN, Appellant. [805 NYS2d 482]—

---

Kane, J. Appeals (1) from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 19, 2004, upon a verdict convicting defendant of the crimes of promoting prison contraband in the first degree and attempted assault in the second degree (two counts), and (2) by permission, from an order of said court, entered July 27, 2004 in Chemung County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant appeals from his convictions of promoting prison contraband in the first degree and attempted assault in the second degree (two counts) stemming from an incident in which defendant struck an inmate with a metal rod while both were incarcerated at the Elmira Correctional Facility in Chemung County. He also appeals, by permission, from County Court's denial, without a hearing, of his CPL 440.10 motion. On both appeals, we affirm.

Defendant argues that the trial evidence was legally insufficient to support his convictions of attempted assault in the second degree.* He contends that his makeshift weapon does not fit the statutory definition of a "dangerous instrument" required for conviction of one count of attempted assault in the second degree as charged (see Penal Law § 10.00 [13]; §§ 110.00, 120.05 [2]). Under the circumstances in which the metal rod was used—defendant repeatedly swung it at another inmate and struck him between three and four times—the rod was readily capable of causing serious physical injury (see Penal Law § 10.00 [13]; *People v Amato*, 1 AD3d 713, 715-716 [2003], *lv denied* 1 NY3d 594 [2004] [metal tool and space heater used to hit victim in head were dangerous instruments]; *People v Zabala*, 290 AD2d 578, 580 [2002], *lv denied* 97 NY2d 735 [2002] [plate swung at victim's face was dangerous instrument]). Therefore, defendant's makeshift weapon qualified as a dangerous instrument. Contrary to defendant's contention that there was insuf-

---

* Because defendant admitted that he possessed a 19½-inch metal bar with a sock wrapped around the end as a handle and a piece of metal from a light fixture which he tied to his arm as a shield, he does not contest his conviction for promoting prison contraband in the first degree.

ficient proof of his intention to cause physical injury, testimony regarding the manner in which he swung the metal rod at the other inmate was sufficient to permit the jury to infer the requisite intent (*see People v Knox*, 134 AD2d 704, 706 [1987], *lv denied* 70 NY2d 1007 [1988]). Therefore, the evidence sufficiently supported defendant's convictions for attempted assault (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

The convictions likewise were not against the weight of the evidence. A correction officer who witnessed the incident testified that after he opened defendant's cell door to transfer defendant to protective custody, defendant stated that he would not leave his cell at that time. As the officer walked toward the cell, defendant emerged from the cell with his makeshift weapon and shield, ran toward the other inmate who was working as a porter at the other end of the prison gallery, and struck the inmate between three and four times with the metal rod. Contrary to the testimony of the correction officer, defendant testified that the inmate porter, who defendant believed was in a gang out to get him, swung a broomstick at him prompting him to repel the porter with his rod and shield. The defense theme was that defendant was justified in attempting to assault the other inmate in self-defense. Upon this Court's weighing of the evidence and giving due deference to the jury's opportunity to observe the witnesses and evaluate their credibility, although the jury could reasonably have reached the opposite result, we are satisfied that the evidence and inferences to be drawn therefrom sufficiently support the jury's verdict (*see People v Cobenais*, 301 AD2d 958, 961 [2003], *lv denied* 99 NY2d 653 [2003]).

County Court did not err in denying defendant's CPL 440.10 motion without a hearing. A hearing is not required if the trial record and motion submissions are sufficient for the court to decide the motion (*see People v Murray*, 300 AD2d 819, 821 [2002], *lv denied* 99 NY2d 617 [2003]). Defendant's submissions, alleging ineffective assistance because counsel did not obtain his institutional record or secure the testimony of four prison employees, failed to provide specific facts regarding how this information would have assisted his defense. Vague and unsupported assertions are insufficient to warrant a hearing (*see People v Beverly [Priest]*, 5 AD3d 862, 865 [2004], *lvs denied* 2 NY3d 796, 804 [2004]). In any event, the general topics that defendant implied would be raised by his requested witnesses, namely his fear of gang attacks and requests for protective custody, were addressed at trial, without contradiction by the People, through defendant's testimony and documentary proof. Thus, no hearing was required on defendant's CPL 440.10 motion.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.