(February 21, 2008)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH STRIPLIN, Appellant. [851 NYS2d 685]—

Malone Jr., J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered November 28, 2005,

upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

On June 16, 2004, defendant was found to be in possession of a piece of sharpened metal while he was incarcerated at the Southport Correctional Facility in Chemung County. As a result of this incident, he was charged in an indictment with promoting prison contraband in the first degree and was found guilty of the charge at a jury trial. Defendant was thereafter sentenced as a second felony offender to 2½ to 5 years in prison, to run consecutive to the sentence he was then serving. He now appeals.

Defendant contends that the indictment must be dismissed because it does not contain the signature of the grand jury foreperson as required by CPL 200.50 (8). "Initially, we note that because defendant failed to move to dismiss the indictment on that ground, his contention is unpreserved and is 'reviewable as of right only if the missing signature renders the indictment jurisdictionally defective' " (*People v Brown*, 17 AD3d 869, 869-870 [2005], quoting *People v Stauber*, 307 AD2d 544, 545 [2003], *lv denied* 100 NY2d 599 [2003]). The record in this case discloses that the Chemung County District Attorney signed the face of the indictment and the grand jury foreperson signed the backer accompanying it. Viewing these documents together as integral parts of the whole, we do not find that the absence of the jury foreperson's signature on the indictment itself constitutes a jurisdictional defect warranting dismissal (*see People v Brown*, 17 AD3d at 870).

Defendant also claims that his due process rights were violated by the 9½-month delay in bringing the indictment against him. Applying the factors set forth by the Court of Appeals in *People v Taranovich* (37 NY2d 442, 445 [1975]), we do not find that the preindictment delay violated defendant's due process rights under the circumstances presented here. While the People have not set forth the reason for the delay, delays of similar duration have been found to comport with constitutional requirements (*see e.g. People v Coggins*, 308 AD2d 635, 635 [2003] [9½-month delay]; *People v Irvis*, 301 AD2d 782 [2003], *lv denied* 99 NY2d 655 [2003] [10-month delay]; *People v Allah*, 264 AD2d 902 [1999] [nine-month delay]). Notably, the underlying crime had serious implications for the safety and security of the correctional facility, and defendant's liberty was not curtailed because he was already incarcerated (*see People v Lake*, 2 AD3d 892, 893 [2003]; *People v Coggins*, 308 AD2d at 636). Considering the foregoing, as well as the lack of any showing that the defense was impaired by the delay, we find that there

was no due process violation (*see People v Campbell*, 306 AD2d 694 [2003], *lv denied* 100 NY2d 593 [2003]). Defendant's remaining arguments have been considered and found to be without merit.

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.