■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN M. PLACE, Appellant. [855 NYS2d 745]—

Mercure, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered July 18, 2006, convicting defendant upon his pleas of guilty of the crimes of attempted burglary in the second degree, aggravated harassment in the second degree and criminal possession of stolen property in the third degree.

In November 2005, defendant pleaded guilty to attempted burglary in the second degree and aggravated harassment in the second degree, in full satisfaction of two indictments charging him with a number of crimes related to burglaries that took place in the Towns of Stillwater and Malta, Saratoga County. Defendant also waived his right to appeal from the judgment convicting him of those two crimes, and admitted that he had violated the terms of his probation imposed by Supreme Court in February 2005. While he was on temporary release pending

sentencing, a warrant was issued for defendant's arrest on a new offense—criminal possession of stolen property—and defendant evidently absconded. County Court issued a bench warrant for defendant's arrest and he was subsequently apprehended in Texas, waived extradition and was transported back to New York. Waiving his right to appeal, defendant thereafter pleaded guilty to criminal possession of stolen property in the third degree in full satisfaction of a January 2006 indictment arising out of the new offense. He was sentenced, as a second felony offender, to an aggregate term of 7$^1$/$_2$ to 9$^1$/$_2$ years in prison, to be followed by three years of postrelease supervision. Defendant appeals and we now affirm.

Defendant asserts that three counts in one of the indictments are jurisdictionally defective and, thus, that indictment should be dismissed and the plea vacated. Specifically, defendant asserts that the indictment at issue failed to allege that he committed acts constituting every material element of burglary in the second degree because the People failed to state that the building defendant entered was a "dwelling" (Penal Law § 140.25 [2]). While defendant's claim survives his guilty plea and appeal waiver (*see People v Hansen,* 95 NY2d 227, 230-231 [2000]; *People v Simmons,* 27 AD3d 786, 786-787 [2006], *lv denied* 7 NY3d 763 [2006]), it lacks merit. It is well settled that "[t]he incorporation by specific reference to the statute operates without more to constitute allegations of all the elements of the crime" (*People v D'Angelo,* 98 NY2d 733, 735 [2002]). Despite the omission of the term "dwelling," the explicit incorporation by reference of Penal Law § 140.25 (2) in the indictment sufficiently set forth the elements of the crime and provided defendant with fair notice of the charges against him (*see People v Ray,* 71 NY2d 849, 850 [1988]; *People v Champion,* 20 AD3d 772, 774 [2005]; *People v Chappelle,* 250 AD2d 878, 879 [1998], *lv denied* 92 NY2d 894 [1998]). Defendant's remaining challenges are barred by his pleas of guilty (*see People v Champion,* 20 AD3d at 774; *People v Squire,* 273 AD2d 706, 707 [2000]).

Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.