■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLORIA WHEATLEY, Appellant. [865 NYS2d 381]—

Rose, J. Appeal from a judgment of the Supreme Court (Czajka, J.), rendered May 19, 2006 in Albany County, upon a verdict convicting defendant of two counts of the crime of assault in the third degree.

Two police officers responded to an early morning complaint

of a party and loud music at the home of defendant. While the officers were talking with defendant and another resident on the enclosed porch outside the front door of the house, an altercation arose, and defendant grabbed an officer's pepper-spray device and sprayed the officers' faces. After pushing the officers from the porch, defendant and the other resident retreated into the house. The officers then entered the house and arrested the two of them. Following a joint trial, defendant was convicted of two counts of assault in the third degree and sentenced to two concurrent one-year jail terms, prompting this appeal.

As a threshold matter, defendant's challenge to the validity of the indictment against her based upon the absence of required signatures is unpreserved because she never raised this issue in a motion to dismiss the indictment (*see People v Striplin*, 48 AD3d 878, 879 [2008], *lv denied* 10 NY3d 871 [2008]; *People v Brown*, 17 AD3d 869, 870 [2005]). In any event, our inspection of the original indictment reveals that its backer bears the signatures of the grand jury foreperson and the presiding Assistant District Attorney, thus satisfying the requirements of CPL 200.50 (8) and (9) (*see People v Striplin*, 48 AD3d at 879).

Defendant next contends that, contrary to a pretrial ruling by County Court (Herrick, J.), the police violated *Payton v New York* (445 US 573 [1980]) when they entered her home to make a warrantless arrest in the absence of exigent circumstances. The evidence established, however, that the arrest was for conduct witnessed by the officers outside her home and occurred inside her home only because that was where she retreated after assaulting the officers. A defendant "may not thwart an otherwise proper arrest set in motion in a public place by escaping into his [or her] residence" (*People v Nieves*, 183 AD2d 854, 856 [1992], *lv denied* 80 NY2d 907 [1992]; *see United States v Santana*, 427 US 38, 43 [1976]; *People v Glia*, 226 AD2d 66, 71 [1996], *appeal dismissed* 91 NY2d 846 [1997]; *People v Jacobo*, 208 AD2d 432, 432 [1994], *lv denied* 84 NY2d 1012 [1994]).

Defendant further claims that Supreme Court (Czajka, J.) denied her a fair trial by precluding her counsel, during summation, from asserting justification as a defense and arguing that the police officers had lacked a lawful duty in being present at her home, an element of assault in the second degree (*see* Penal Law § 120.05 [3]). This contention is without merit because the record reveals that, during the summation, Supreme Court merely sustained an objection to defense counsel's statement that the officers had entered onto defendant's property "without anybody's permission" and did not affirmatively prevent defense

counsel from arguing justification. In addition, the issue of whether the police officers were performing a lawful duty was only relevant to the charges of assault in the second degree, charges of which defendant was acquitted.

We also find no merit in defendant's contention that Supreme Court erroneously instructed the jury that a unanimous verdict was not required. The only mention of a less than unanimous determination was in the court's response to the jury's request for the definition of "acting in con[cert]." Supreme Court read the Criminal Jury Instructions relating to accessorial liability (*see* CJI2d[NY] Accessorial Liability), which includes advice that the jury need not be unanimous in deciding whether a defendant personally committed the charged crime or whether he or she acted in concert with another person. This was an accurate description of the applicable law (*see People v Mateo*, 2 NY3d 383, 407-409 [2004], *cert denied* 542 US 946 [2004]), and did not imply that the jury's verdict as to defendant's guilt could be less than unanimous.

Next, we find unpreserved defendant's arguments that Supreme Court erred in failing to properly charge the jury as to the legal principles applicable in criminal cases and in failing to give a justification charge based upon her use of force in defense of herself and her home (*see People v O'Hara*, 96 NY2d 378, 383-384 [2001]; *People v Gilbo*, 52 AD3d 952, 954 [2008]; *People v Kuykendall*, 43 AD3d 493, 494-495 [2007], *lv denied* 9 NY3d 1007 [2007]). In any event, inasmuch as the police officers were attempting to arrest the other resident for a violation committed in their presence on the porch when defendant intervened, no view of the evidence would lead to the conclusion that she was justified in attacking the police officers (*see* Penal Law § 35.27; *People v Grady*, 40 AD3d 1368, 1371 [2007], *lv denied* 9 NY3d 923 [2007]).

Finally, given defendant's reckless conduct, the injuries she caused, her lack of remorse at the time of sentencing and her persistence that she was the true victim of the incident, we find no basis to disturb her sentence (*see People v Gorham*, 17 AD3d 858, 861 [2005]; *People v Gray*, 189 AD2d 922, 923 [1993], *lv denied* 81 NY2d 886 [1993]; *People v O'Neil*, 116 AD2d 853, 854 [1986]).

Cardona, P.J., Carpinello, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5).