■ The People of the State of New York, Respondent, v Ian Greene, Also Known as E, Appellant. [899 NYS2d 401]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 18, 2008, upon a verdict convicting defendant of the crimes of assault in the second degree, criminal possession of a weapon in the third degree and tampering with a witness in the third degree.

Defendant and his codefendant, Shawn Roberts, were at the apartment of Raymond Gagnon with the victim in January 2008 when they began to question the victim about his role in a drug investigation being conducted by the police. When the victim denied that he was an informant, he was physically restrained by Roberts, and defendant then placed a red-hot barbecue fork against the side of the victim's head causing serious burns to his face, neck and ear. Later, as the victim was being escorted out of the apartment to Roberts' car, he managed to escape and contacted the police. At police headquarters, the victim received first aid, but eventually went to a local hospital where he obtained medical treatment for his injuries.

Defendant was subsequently charged in a five-count indictment with robbery in the second degree (two counts),[1] assault in the second degree, tampering with a witness in the third degree and criminal possession of a weapon in the third degree.[2] After a jury trial, defendant was found not guilty of the robbery charges, but was convicted of the remaining charges and ultimately sentenced, as a second felony offender, to an aggregate term of seven years in prison plus five years of postrelease supervision. Defendant now appeals.

Initially, defendant argues that his convictions were not supported by legally sufficient evidence and the verdict is against the weight of the credible evidence because it was never established at trial that the barbecue fork, as used against the victim, constituted a dangerous instrument. In that regard, for the assault and weapons possession convictions to be legally suf-

1. The robbery charges stem from an allegation that defendant and Roberts forcibly stole the victim's clothing.

2. Except for the criminal possession of a weapon in the third degree charge, Roberts was charged in the indictment with the same crimes as defendant, as well as three counts of criminal sale of a controlled substance in the third degree, all of which involve controlled buys made from him by the victim. Roberts was tried with defendant and found guilty of assault in the second degree, tampering with a witness in the third degree and the three counts of criminal sale of a controlled substance in the third degree.

ficient and enjoy the support of the credible evidence introduced at trial, the People were required to prove that the barbecue fork, as it was used against the victim, constituted a dangerous instrument (see Penal Law § 120.05 [2]; § 265.02 [1]; § 265.01 [2]). A dangerous instrument is defined as "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; see People v Bonney, 69 AD3d 1116, 1119 [2010]; People v Griffin, 24 AD3d 972, 973 [2005], lv denied 6 NY3d 834 [2006]). The evidence presented, as well as common sense, leaves no doubt that the red-hot barbecue fork as used by defendant was "readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; see People v Jiminez, 36 AD3d 962, 964 [2007], lv denied 8 NY3d 947 [2007]; People v Richard, 30 AD3d 750, 752-753 [2006], lv denied 7 NY3d 869 [2006]; People v Griffin, 24 AD3d at 973; People v Holmes, 9 AD3d 689, 691 [2004], lv denied 3 NY3d 675 [2004]; People v Amato, 1 AD3d 713, 715-716 [2003], lv denied 1 NY3d 594 [2004]).[3]

Defendant also challenges his sentence as being harsh and excessive. We disagree. Defendant is a second felony offender who, at the time of this incident, was on probation for a prior illegal drug sale. Moreover, defendant stands convicted of torturing an individual as part of an attempt to impede a pending criminal investigation. As such, there is simply no justification for modifying this sentence (see People v Murphy, 66 AD3d 1234, 1236-1237 [2009]; People v Bruno, 63 AD3d 1297, 1300 [2009], lv denied 13 NY3d 858 [2009]; People v Mitchell, 55 AD3d 1048, 1052 [2008], lv denied 12 NY3d 856 [2009]; People v Ciarleglio, 299 AD2d 571, 572 [2002]).

Spain, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

---

**3.** Serious physical injury is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]).