THIRD DEPARTMENT, JANUARY, 2011

(January 6, 2011)

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN ROBERTS, Also Known as JAY, Appellant. [913 NYS2d 829]—

Kavanagh, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 18, 2008, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (three counts), assault in the second degree and tampering with a witness in the third degree.

On three separate occasions, the last being on November 9, 2007, defendant was alleged to have sold narcotics to an informant working for the police in a drug investigation they were conducting in the City of Watervliet and Town of Colonie in Albany County. After the third sale, defendant was arrested and charged with three counts of criminal sale of a controlled substance in the third degree. While on bail, defendant confronted the informant, accused him of cooperating with the police and, in an attempt to intimidate him, restrained the informant while another individual—Ian Greene—stabbed him in the neck with a hot fork.[1] As a result of this incident, defendant was also charged with two counts of robbery in the second degree, assault in the second degree and tampering with a witness in the third degree. After a jury trial, defendant was convicted of the three counts of criminal sale of a controlled substance in the third degree, as well as the assault and tampering with a witness charges, and sentenced as a second felony offender to an aggregate prison term of 37 years, with various terms of postrelease supervision. Defendant now appeals.

Initially, defendant maintains that County Court improperly denied his motion to dismiss the indictment on the ground that he did not receive timely notice regarding the presentation of these charges to a grand jury. We disagree. CPL 190.50 (5) (a) requires the prosecution to "accord [a] defendant a reasonable time to exercise his [or her] right to appear as a witness" in a grand jury proceeding where a defendant has been arraigned in

---

1. Greene's conviction for assault in the second degree, criminal possession of a weapon in the third degree and tampering with a witness in the third degree has been affirmed by this Court (*People v Greene*, 72 AD3d 1279 [2010], *lv denied* 15 NY3d 749 [2010]).

local criminal court on charges that will be subsequently presented to a grand jury. However, a motion challenging the reasonableness of the notice provided to the defendant must be made no later than five days after the defendant has been arraigned on the indictment (see CPL 190.50 [5] [c]; People v Rolle, 72 AD3d 1393, 1395 [2010]; accord People v Littebrant, 55 AD3d 1151, 1153 [2008], lv denied 12 NY3d 818 [2009]). Here, defendant's motion was untimely, as it was not made until February 21, 2008—more than five days after his February 13 arraignment on the indictment—and, therefore, it was properly denied (see People v Kinlock, 57 AD3d 1227, 1227 [2008]; People v Boodrow, 42 AD3d 582, 583-584 [2007]; People v Wright, 5 AD3d 873, 874 [2004], lv denied 3 NY3d 651 [2004]).

Defendant also claims that County Court erred by denying his motion to suppress evidence taken from his person at the time of his arrest. Defendant was arrested by Lieutenant Edward Watson of the Watervliet Police Department shortly after the last drug transaction with the informant took place. Watson had previously participated in surveilling defendant in connection with the two prior drug sales he had with the informant and, earlier that day, listened as the informant telephoned defendant and made arrangements for this last purchase. Watson observed defendant enter the informant's home and leave shortly thereafter. Watson then followed defendant's vehicle for a short distance and then stopped him after being told by another police officer monitoring the transaction that the informant had purchased a white, chunky substance from defendant. Watson placed defendant under arrest, searched him and, from his person, recovered the prerecorded money used by the informant to purchase the cocaine and the cell phone the informant had called to make arrangements for this sale. These observations, coupled with communications that Watson received from the other police officer participating in this investigation, provided a legal basis for defendant's arrest and a contemporaneous search of his person (see People v Ramirez-Portoreal, 88 NY2d 99, 113 [1996]; People v Dowling, 75 AD3d 838, 840 [2010]; People v Douglas, 42 AD3d 756, 758 [2007], lv denied 9 NY3d 922 [2007]).

Watson did not immediately charge defendant with the November 9, 2007 sale but, instead, turned defendant over to the Colonie Police Department so that he could be charged with an earlier drug sale that had taken place prior to his arrest. Defendant, in essence, claims that by not immediately charging him with the sale for which he was arrested, Watson forfeited the right to conduct a search incident to a legal arrest. However,

simply because Watson waited several days before formally charging defendant with the drug sale for which he had been arrested does not alter the fact that Watson, at the time he conducted the search, had probable cause to believe that defendant had just participated in an illegal sale of narcotics. Therefore, Watson's arrest of defendant was legal and defendant's motion to suppress was properly denied (*see People v Ruppert*, 42 AD3d 817, 818 [2007], *lv denied* 9 NY3d 964 [2007]; *People v Ormsby*, 30 AD3d 757, 758 [2006], *lv denied* 7 NY3d 816 [2006]).

Defendant also claims that he was denied the right to be present at side bar conferences conducted by County Court during the trial. While a defendant has the right to be present at such conferences (*see People v Velasquez*, 1 NY3d 44, 47-48 [2003]; *People v Antommarchi*, 80 NY2d 247, 250 [1992]; *People v Horan*, 290 AD2d 880, 883-884 [2002], *lv denied* 98 NY2d 638 [2002]), the record establishes that defendant waived that right through his counsel in open court and failed to object when side bar conferences were conducted in his absence (*see People v Williams*, 15 NY3d 739, 740 [2010]; *People v Velasquez*, 1 NY3d at 49; *People v Jackson*, 52 AD3d 1052, 1053 [2008], *lv denied* 11 NY3d 789 [2008]).

Finally, defendant argues that his sentence was harsh and excessive and that the aggregate 30-year sentence imposed on his drug convictions should be reduced.[2] While the sentence that defendant received on his drug convictions fell within the permissible statutory range (*see* Penal Law § 70.70 [3] [b] [i]), it was significantly higher than the two-year sentence he was offered to satisfy the drug charges during plea negotiations prior to trial.[3] The quantity of cocaine that was the subject of these transactions does not, in our view, justify the significant disparity that exists between the sentence offered on these charges during plea negotiations and that imposed after trial (*see generally People v Perry*, 70 AD3d 1063, 1065 [2010], *lv denied* 14 NY3d 804 [2010]; *People v Nealon*, 36 AD3d 1076, 1079 [2007], *lv denied* 8 NY3d 988 [2007]). Moreover, this offer was made to defendant while the charges alleging he assaulted and attempted to intimidate a witness for the prosecution were pending before County Court and, on those charges, defendant received

---

**2.** He received a 10-year prison term for each drug conviction, to be served consecutively.

**3.** During those plea negotiations, he was also offered a six-year prison sentence, with five years of postrelease supervision, in exchange for his guilty plea to assault in the second degree, in satisfaction of all charges relating to the assault and intimidation of the informant.

substantial, and in our view, appropriate prison terms, which are to be served consecutively to the sentence that defendant received on his drug convictions. Therefore, defendant's sentence for each conviction of criminal sale of a controlled substance in the third degree shall be reduced to six years, to be served consecutively with each other as well as consecutively with the sentences imposed on his other two convictions. Defendant's remaining claim that he was denied the effective assistance of counsel before trial has been reviewed and found to be lacking in merit.

Peters, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences imposed for criminal sale of a controlled substance in the third degree under counts six, seven and eight of the indictment to six years, and, as so modified, affirmed.