■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JAY J. BINNS, Appellant. [918 NYS2d 753]—

**Garry, J.**

In full satisfaction of an eight-count indictment, defendant pleaded guilty to aggravated driving while intoxicated and waived his right to appeal. Pursuant to the plea agreement, defendant was to be sentenced to a prison term of 1 to 3 years. Following his plea, defendant failed to appear for sentencing and County Court issued a bench warrant. Thereafter, defendant was arrested and sentenced to a prison term of 1⅓ to 4 years. Defendant now appeals.

We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was invalid. Prior to entering his plea, defendant was advised that he would be required, as a part of the plea, to waive his right to appeal, and he was allowed time to discuss the waiver with counsel. After County Court confirmed that defendant had ample time to discuss the waiver with counsel, a written waiver was executed in open court and defendant confirmed his understanding of its ramifications. Under these circumstances, we conclude that defendant validly waived his right to appeal (*see People v Rosseter*, 62 AD3d 1093, 1094 [2009]; *People v Stokely*, 49 AD3d 966, 967-968 [2008]).

Defendant also contends that the first count of the indictment, upon which he pleaded guilty, was jurisdictionally defective and his plea should therefore be vacated. Specifically, defendant argues that the indictment did not allege all the acts that constitute aggravated driving while intoxicated. While this claim survives defendant's guilty plea and appeal waiver (*see People v Place*, 50 AD3d 1313, 1314 [2008], *lv denied* 11 NY3d 740 [2008]), "[a]n indictment count which incorporates by reference the statutory provision applicable to the charged crime sufficiently alleges all of the elements of that crime, rendering the count valid" (*People v Downs*, 26 AD3d 525, 526 [2006], *lv denied* 6 NY3d 847 [2006]; *see People v Brown*, 75 AD3d 655, 656 [2010]; *People v Place*, 50 AD3d at 1314; *People v Champion*, 20 AD3d 772, 774 [2005]). Here, the indictment clearly included a specific reference to Vehicle and Traffic Law § 1192 (2-a), incorporating the required elements of the crime. Accordingly, defendant was provided fair notice of the charges made against him (*see People v Ray*, 71 NY2d 849, 850 [1988]; *People v Place*, 50 AD3d at 1314; *People v Champion*, 20 AD3d at 774; *People v Chappelle*, 250 AD2d 878, 879 [1998], *lv denied* 92 NY2d 894 [1998]).

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.