■ The People of the State of New York, Respondent, v Adam Griswold, Appellant. [944 NYS2d 346]—

Egan Jr., J. Appeal from a judgment of the County Court of Franklin County (Main Jr., J.), rendered May 2, 2011, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree and criminal sexual act in the second degree (two counts).

Defendant was charged in two separate indictments with 48 counts of various crimes involving the sexual abuse of his stepdaughter—crimes that allegedly began when the child was seven years old and continued for the next nine years. In March 2011, and in full satisfaction of the foregoing indictments and other pending charges, defendant pleaded guilty to one count of sexual abuse in the first degree and two counts of criminal sexual act in the second degree and waived his right to appeal. Pursuant to the terms of the negotiated plea agreement, defendant thereafter was sentenced to consecutive five-year prison terms on each count followed by 10 years of postrelease supervision. Defendant now appeals.

Although defendant's claim that the indictments were jurisdictionally defective survives both his guilty plea and his unchallenged waiver of the right to appeal (*see People v Martinez*, 79 AD3d 1378, 1379 [2010], *lv denied* 16 NY3d 798 [2011]; *People v Place*, 50 AD3d 1313, 1314 [2008], *lv denied* 11 NY3d 740 [2008]), we find it to be lacking in merit. "When time is not an essential element of an offense, the indictment . . . may allege the time in approximate terms, as long as it sets forth a time interval which reasonably informs the defendant of the nature of the accusations to enable the preparation of a defense" (*People v Porlier*, 55 AD3d 1059, 1060 [2008] [internal quotation marks

---

and citations omitted]; *see People v Roman*, 43 AD3d 1282, 1283 [2007], *lv denied* 9 NY3d 1009 [2007]; *People v Lanfair*, 18 AD3d 1032, 1033 [2005], *lv denied* 5 NY3d 790 [2005]). Here, given the tender age of the victim when the abuse began, the frequency with which the abuse occurred and "the familial relationship between the victim and defendant," the time frames disclosed—expressed as either months and years or seasons— were "sufficiently particularized to permit defendant to prepare a defense" (*People v Porlier*, 55 AD3d at 1060; *see People v Roman*, 43 AD3d at 1283).

Similarly, "where an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise the defendant of the charge and, therefore, renders the count jurisdictionally valid" (*People v Brown*, 75 AD3d 655, 656 [2010] [internal quotation marks and citation omitted]; *see People v Place*, 50 AD3d at 1314). That standard was met here and, therefore, defendant was provided with fair notice of the charges against him (*see People v Binns*, 82 AD3d 1449, 1450 [2011]; *People v Place*, 50 AD3d at 1314). Accordingly, the judgment of conviction is affirmed.

Peters, J.P., Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.