Egan Jr., J.
Defendant and the victim are the biological parents of two children. In February 2010, a temporary order of protection was entered in favor of the victim precluding defendant from having any contact with her. Two months later, and while the order of protection remained in effect, defendant arrived at the home of *988 the victim’s parents and demanded to speak with the victim.[1] The victim’s mother repeatedly instructed defendant to leave and, when he refused, the two became involved in an altercation, prompting the victim to call 911 and then run across the street to secure the assistance of an off-duty member of the City of Albany Police Department.
As a result of this incident, defendant ultimately was indicted and charged in a second superseding indictment with criminal contempt in the first degree (count 1) and endangering the welfare of a child (counts 2 and 3). At the close of the People’s proof, County Court granted defendant’s motion to dismiss the second and third counts of the indictment, and the jury thereafter convicted defendant of the sole remaining charge of criminal contempt in the first degree. County Court subsequently sentenced defendant to a prison term of 1 to 3 years, prompting this appeal.
We affirm. As defendant did not move to dismiss the indictment due to the asserted lack of required signatures, this issue is unpreserved and is “ ‘reviewable as of right only if the missing signature renders the indictment jurisdictionally defective’ ” (People v Brown, 17 AD3d 869, 870 [2005], quoting People y Stauber, 307 AD2d 544, 545 [2003], lv denied 100 NY2d 599 [2003]; accord People v Striplin, 48 AD3d 878, 879 [2008], lv denied 10 NY3d 871 [2008]). In this regard, the face of the indictment is signed by the presenting Assistant District Attorney, and the accompanying backer is signed by both the Assistant District Attorney and the grand jury foreperson. Accordingly, we are satisfied that the requirements of CPL 200.50 (8) and (9) have been met (see People v Wheatley, 55 AD3d 947, 948 [2008], lv denied 11 NY3d 931 [2009]; People v Striplin, 48 AD3d at 879; People v Brown, 17 AD3d at 870).
Defendant’s remaining challenge to the indictment is equally lacking in merit. “[W]here an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise the defendant of the charge and, therefore, renders the count jurisdictionally valid” (People v Brown, 75 AD3d 655, 656 [2010] [internal quotation marks and citation omitted]; accord People v Griswold, 95 AD3d 1454, 1455 [2012]; see People v Binns, 82 AD3d 1449, 1450 [2011]). Based upon our review of the relevant count of the indictment, which specifically recited, among other things, the provision of the Penal Law under which defendant had been charged, we are satisfied *989 that defendant was provided with fair notice of the charge against him.
Nor are we persuaded that defendant effectively was denied the right to be present at side bar conferences due to County Court’s requirement that he be accompanied by a court officer. Although a criminal defendant indeed has a statutory right to be present for such conferences (see CPL 260.20; People v Vargas, 88 NY2d 363, 375-376 [1996]; People v Antommarchi, 80 NY2d 247, 250 [1992]), this right may be waived by the defendant or his or her attorney (see People v Velasquez, 1 NY3d 44, 49-50 [2003]; People v Abdullah, 28 AD3d 940, 941 [2006], lv denied 7 NY3d 784 [2006]; People v Beverly, 6 AD3d 874, 875 [2004], lv denied 3 NY3d 637 [2004]) and, in any event, must be balanced against the trial court’s “duty to maintain an orderly and secure courtroom” (People v Briggs, 285 AD2d 651, 652 [2001], lv denied 97 NY2d 654 [2001], citing 22 NYCRR 700.5 [a], [d]). Contrary to defendant’s assertion, the record before us reflects that he knowingly and voluntarily waived his Antommarchi rights (see People v Roberts, 80 AD3d 787, 790 [2011], lv denied 16 NY3d 862 [2011]) — a conclusion that is in no way altered by County Court’s security policy (see People v Sudan, 298 AD2d 620, 621 [2002], lv denied 99 NY2d 620 [2003]; People v Riley, 292 AD2d 822, 823-824 [2002], lv denied 98 NY2d 640 [2002]).
As for defendant’s challenge to the verdict itself, we are satisfied that the verdict is not against the weight of the evidence.[2] Insofar as is relevant here, a person is guilty of criminal contempt in the first degree when he or she “violat[es] that part of a duly served order of protection, or such order of which the defendant has actual knowledge because he or she was present in court when such order was issued . . . which requires the . . . defendant to stay away from the person ... on whose behalf the order was issued” (Penal Law § 215.51 [c]; see People v Darpino, 51 AD3d 1059, 1059-1060 [2008], lv denied 11 NY3d 735 [2008]).[3] Here, the underlying order of protection unequivocally instructed defendant to stay away from the victim and precluded him from having any contact with her. Although the *990 victim’s trial testimony arguably supports defendant’s present claim — that he did not knowingly violate the order of protection because the victim was not supposed to be at her parents’ house when he arrived to pick up one of his children for a weekend visitation — such testimony stands in stark contrast to the testimony offered by the victim’s mother. In this regard, the victim’s mother stated that when she opened the door to her residence and asked defendant what he wanted, he replied, “I want [the victim].” The victim’s mother further testified that defendant thereafter refused her repeated directives to leave the premises and lunged at her in an attempt to gain entry to the residence. Such testimony, in our view, is more than sufficient to sustain the verdict, and any conflicts in this regard presented a credibility issue for the jury to resolve (see generally People v Moyer, 75 AD3d 1004, 1006 [2010]; People v Moore, 29 AD3d 1077, 1078 [2006]).
With respect to defendant’s ineffective assistance of counsel claim, which is premised upon counsel’s asserted failure to move to dismiss the indictment upon speedy trial grounds, we are unable to evaluate the merits of defendant’s claim as it involves matters outside the record and, as such, is more appropriately addressed in the context of a CPL article 440 motion (see People v Peque, 88 AD3d 1024, 1025 [2011]). Finally, defendant’s challenge to County Court’s Sandoval ruling is unpreserved for our review (see People v Phillips, 55 AD3d 1145, 1147-1148 [2008], lv denied 11 NY3d 899 [2008]; People v Caswell, 49 AD3d 1257, 1258 [2008], lv denied 11 NY3d 735 [2008]). Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Rose, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

. Although the victim did not live with her parents at this time, she and the children were at her parents’ residence on the evening in question.

. Defendant’s challenge to the legal sufficiency of the evidence is not preserved for our review, but “our weight of the evidence review necessarily involves an evaluation of whether all elements of the charged crime were proven beyond a reasonable doubt at trial” (People v Thompson, 92 AD3d 1139, 1140 n 2 [2012] [internal quotation marks and citation omitted]; see People v Brown, 90 AD3d 1140, 1140 n [2011], lv denied 18 NY3d 922 [2012]).

. The record contains conflicting proof as to whether defendant was served with the order of protection in open court or at some point thereafter. This issue need not detain us, however, because the order of protection is signed by defendant, thus acknowledging defendant’s receipt thereof and *990 “establishing] that it was served and that he was on notice as to its contents” (People v Soler, 52 AD3d 938, 940 [2008], lv denied 11 NY3d 741 [2008]).