*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                106268
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                  MEMORANDUM AND ORDER

DAVID G. BROTHERS,
                        Appellant.
_____

Calendar Date:   October 10, 2014

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Lisa A. Burgess, Indian Lake, for appellant.

        Derek P. Champagne, District Attorney, Malone (Glenn
MacNeill of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Franklin
County (Main Jr., J.), rendered April 29, 2013, convicting
defendant upon his plea of guilty of the crime of aggravated
unlicensed operation of a motor vehicle in the first degree.

        Defendant was charged with, among other things, one count
of aggravated unlicensed operation of a motor vehicle in the
first degree and two counts of driving while intoxicated
(hereinafter DWI).  After waiving indictment, defendant agreed to
be prosecuted by superior court information (hereinafter SCI).
Defendant thereafter agreed to plead guilty to aggravated
unlicensed operation of a motor vehicle in the first degree and
one count of DWI in full satisfaction of all of the charges.
However, during the plea colloquy, County Court's inquiry only

pertained to the aggravated unlicensed operation count, to which defendant pleaded guilty and waived his right to appeal. Nevertheless, the court imposed a sentence based upon convictions of both aggravated unlicensed operation and DWI, sentencing defendant to 1⅓ to 4 years in prison plus a conditional discharge upon release.  Defendant now appeals.

Initially, we disagree with defendant's contention that the SCI was jurisdictionally defective.  Specifically, defendant argues that the SCI failed to allege all material elements of aggravated unlicensed operation of a motor vehicle in the first degree because the People did not state that the crime occurred on a public highway (see Vehicle and Traffic Law § 511 [3] [a]). While this claim survives defendant's guilty plea and appeal waiver (see People v Place, 50 AD3d 1313, 1314 [2008], lv denied 11 NY3d 740 [2008]), no defect exists when the SCI incorporates elements by specific reference to the crime's relevant statutory authority, because such incorporation "constitute[s] allegations of all the elements of the crime" (People v D'Angelo, 98 NY2d 733, 735 [2002]; see People v Binns, 82 AD3d 1449, 1450 [2011]), while also giving the defendant "fair notice of the charges made against him [or her]" (People v Ray, 71 NY2d 849, 850 [1988] [internal quotation marks and citation omitted]).  Here, although the SCI failed to state that the road on which defendant was driving was a public highway, it specifically referenced Vehicle and Traffic Law § 511 (3) (a) and, as such, sufficiently incorporated all of the specific elements of the crime.

We do, however, agree with defendant that County Court improperly sentenced him to a conditional discharge while apparently under the mistaken belief that defendant had also pleaded guilty to DWI (see Vehicle and Traffic Law § 1192 [2]; Penal Law § 60.21).  As conceded by the People, conditional discharge is an impermissible sentence for the crime of aggravated unlicensed operation of a motor vehicle in the first degree (see Vehicle and Traffic Law § 511 [3] [b]) and, accordingly, defendant's sentence must be modified.

McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.

ORDERED that the judgment is modified, by vacating the sentence of conditional discharge, and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court