*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: December 18, 2014                    105818
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                         Respondent,

        v                                    MEMORANDUM AND ORDER

DERRICK CANE,
                         Appellant.
_____


Calendar Date:   October 6, 2014

Before:   Lahtinen, J.P., McCarthy, Egan Jr., Devine and
          Clark, JJ.

_____


        Rebecca L. Fox, Plattsburgh, for appellant.

        Derek P. Champagne, District Attorney, Malone (Glenn
MacNeill of counsel), for respondent.

_____


Egan Jr., J.

        Appeal from a judgment of the County Court of Franklin
County (Main Jr., J.), rendered April 8, 2013, convicting
defendant upon his plea of guilty of the crime of attempted
promoting prison contraband in the first degree.

        In full satisfaction of a six-count indictment, defendant
pleaded guilty to the reduced charge of attempted promoting
prison contraband in the first degree and waived his right to
appeal.  Defendant thereafter was sentenced as a second felony
offender to the agreed-upon prison term of 1½ to 3 years — said
sentence to run consecutively to the prison term he then was
serving.  Defendant now appeals, contending that the underlying
indictment was jurisdictionally defective.

We affirm.  To be sure, defendant's claim that the indictment at issue is jurisdictionally defective survives both his guilty plea and his waiver of the right to appeal (see People v Mydosh, 117 AD3d 1195, 1196 [2014], lv denied 14 NY3d 963 [2014]; People v Griswold, 95 AD3d 1454, 1454 [2012], lv denied 19 NY3d 997 [2012]).  That said, "[w]here an indictment count incorporates by reference the statutory provision applicable to the crime intended to be charged, it has been repeatedly held that this is sufficient to apprise the defendant of the charge and, therefore, renders the count jurisdictionally valid" (People v Moon, 119 AD3d 1293, 1294 [2014], lv denied 24 NY3d 1004 [2014] [internal quotation marks and citations omitted]; accord People v Burch, 97 AD3d 987, 988 [2012], lv denied 19 NY3d 1101 [2012]; People v Griswold, 95 AD3d at 1455; People v Brown, 75 AD3d 655, 656 [2010]; see People v D'Angelo, 98 NY2d 733, 735 [2002]).[1]

Here, defendant pleaded guilty under count 1 of the indictment to the reduced charge of attempting promoting prison contraband in the first degree (see Penal Law §§ 110.00, 205.25 [1]).  While it is true that count 1 of the indictment did not allege that defendant "knowingly and unlawfully" introduced dangerous contraband into the correctional facility where he was incarcerated, said count did expressly incorporate by reference the provisions of Penal Law § 205.25 (1), thereby rendering such count jurisdictionally valid (see People v D'Angelo, 98 NY2d at 735; People v Moon, 119 AD3d at 1294; People v Burch, 97 AD3d at 988-989; People v Brown, 75 AD3d at 656).  Finally, even assuming, among other things, that a jurisdictional impediment exists as to count 2 of the indictment, any defect in this regard would result only in the dismissal of that particular count and would not compel dismissal of the entire indictment (see e.g. People v Garcia, 79 AD3d 1248, 1249 [2010], lv denied 16 NY3d 797 [2011]; People v Pike, 63 AD3d 1692, 1693 [2009], lv denied 13

---

[1]  Although defendant unsuccessfully attempted – after he entered his guilty plea but prior to sentencing – to file a pro se motion to dismiss the indictment upon this ground, a jurisdictional challenge of this nature may be raised for the first time upon appeal (see People v Slingerland, 101 AD3d 1265, 1266 [2012], lv denied 20 NY3d 1104 [2013]).

NY3d 838 [2009]; <u>People v Bethea</u>, 61 AD3d 1016, 1017 [2009]). Accordingly, we discern no basis upon which to disturb defendant's plea of guilty to the reduced charge of attempted promoting prison contraband in the first degree under count 1 of the indictment.

Lahtinen, J.P., McCarthy, Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court