People v Benn (2018 NY Slip Op 02212)





People v Benn


2018 NY Slip Op 02212


Decided on March 29, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 29, 2018

108049

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JASON BENN, Appellant.

Calendar Date: February 22, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Rumsey, JJ.


Danielle Neroni Reilly, Albany, for appellant.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.


Mulvey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 19, 2015, convicting defendant upon his plea of guilty of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.
In 2014, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information (hereinafter SCI) charging him with aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated. Thereafter, defendant waived his right to appeal and pleaded guilty as charged in exchange for an agreed-upon aggregate sentence of one year in the local jail. As part of the plea
agreement, defendant was required to comply with certain conditions, including remaining free from additional arrests and charges, or risk sentence enhancement. At sentencing, defendant admitted to violating several plea agreement conditions and was ultimately sentenced to an aggregate prison term of 1 to 3 years. Defendant now appeals.
We affirm. Initially, we disagree with defendant's contention that the SCI was jurisdictionally defective. Specifically, defendant argues that the SCI failed to allege all material elements of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated inasmuch as the People did not state that the crimes occurred on a public highway (see Vehicle and Traffic Law §§ 511 [3] [a]; 1192 [2], [7]; People v Stewart, 92 AD3d 1146, 1147 [2012]; People v Beyer, 21 AD3d 592, 594 [2005], lv denied 6 NY3d 752 [2005]). Although this claim survives defendant's guilty plea and appeal waiver (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v Place, 50 AD3d 1313, 1314 [2008], lv denied 11 NY3d 740 [*2][2008]), no defect exists when the SCI incorporates elements by specific reference to the crimes' statutory authority because such incorporation "constitute[s] allegations of all the elements of the crime" (People v D'Angelo, 98 NY2d 733, 735 [2002]; see People v Brothers, 123 AD3d 1240, 1240-1241 [2014]), while also giving the defendant "fair notice of the charges made against him [or her]" (People v Ray, 71 NY2d 849, 850 [1988] [internal quotation marks and citation omitted]; see People v Binns, 82 AD3d 1449, 1450 [2011]). Here, although the SCI failed to state specifically where defendant was driving and whether that location was in fact a public highway, it expressly referenced Vehicle and Traffic Law §§ 511 (3) (a) and 1192 (2) and made no other affirmative statement of facts that would negate the statutory references (compare People v Boula, 106 AD3d 1371, 1372 [2013], lv denied 21 NY3d 1040 [2013]). As such, we find that the SCI effectively charged defendant with the commission of the subject crimes (see People v Brothers, 123 AD3d at 1240-1241; compare People v Stewart, 92 AD3d at 1147).
Next, defendant argues that County Court erred in imposing an enhanced sentence. Although this issue is not precluded by the express terms of defendant's appeal waiver, it is unpreserved inasmuch as he failed to object to the enhanced sentence or make any appropriate motion (see People v Bennett, 143 AD3d 1008, 1009 [2016]; People v Tole, 119 AD3d 982, 983-984 [2014]). Were we to address the issue, we would find that the court did not err in imposing the enhanced sentence under the circumstances presented because, when defendant was provided sufficient opportunity to dispute the alleged plea agreement violations (see People v Valencia, 3 NY3d 714, 715 [2004]), he readily admitted to the proscribed conduct (see People v Woods, 150 AD3d 1560, 1561 [2017], lv denied 29 NY3d 1095 [2017]; People v Davis, 30 AD3d 893, 895 [2006], lv denied 7 NY3d 847 [2006]; People v Therrien, 301 AD2d 751, 752 [2003], lv denied 99 NY2d 633 [2003]).
Defendant also challenges the severity of the enhanced sentence. Although the express terms of defendant's appeal waiver again permit him to bring such a challenge, we are not persuaded that the enhanced sentence, which was less than the maximum permissible sentence (see Vehicle and Traffic Law § 511 [3] [b]; Penal Law § 70.00 [2] [e]), was either harsh or excessive given defendant's extensive criminal history and his continued criminal activity after entering his guilty plea. Accordingly, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the enhanced sentence in the interest of justice (see People v Galagan, 85 AD3d 1490, 1491 [2011]; People v Thomas, 56 AD3d 815, 816 [2008]; People v Scott, 196 AD2d 921, 921 [1993]).
Garry, P.J., McCarthy, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.